FILED
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK APR -7 AM 8:39



ED HAYTER,

          **Plaintiff,**    **Index No.**

    – against –

SECURITIES AND EXCHANGE COMM[...]

        **Defendant.**

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

**CV 10- 1530**

AMON, J.

POHORELSKY, M.J.

## COMPLAINT

Plaintiff Ed Hayter ("**Plaintiff**") by and through his counsel, Sam P. Israel, P.C., for his Complaint against Defendant Securities and Exchange Commission ("**Defendant**," "**SEC**" or "**Commission**"), hereby alleges as follows:

### I.
### PRELIMINARY STATEMENT

1.      As set forth herein, the Miami Regional Office of the SEC (the "**Branch**"), under color of a formal order of investigation entered by the Commission in the matter of BIH Corporation (FL-3434). (the "**Order**," Exhibit 1 hereto), has conducted a wide-scale fishing expedition into the affairs of persons and entities not subject to the formal order and concerning matters far beyond its territorial jurisdiction.

2.      This is an action brought by a New York State resident who has been the subject of this amorphous investigation and whose privacy rights were violated by the SEC's malicious publication of his identity in relation to ostensible criminal or civil violations of the securities laws. In publishing the information (referred to herein as the "**SEC Filed Materials**,") the SEC breached its own confidentiality strictures and violated the Privacy Act of 1974, 5 U.S.C. § 552a (the "**Privacy Act**").

3.      The Plaintiff seeks to recover damages occasioned by the SEC's violations of the Privacy Act and seeks an injunction preventing any further misuse of information and materials that are maintained by the SEC concerning him in connection with its investigation.

## II.
## PARTIES

4.        Plaintiff Edward Hayter is an individual residing at 2167 E.21st Street, #103 Brooklyn NY 11229.

5.        The Miami Regional office of Defendant Securities and Exchange Commission is located at 801 Brickell Avenue, Suite 1800, Miami, FL 33131–4901.

## III.
## JURISDICTION AND VENUE

6.        The Court has subject matter jurisdiction in accordance with 28 U.S.C. §§1331, in that the Plaintiff asserts claims under 5 U.S.C. § 552a.

7.        The Court has in personam jurisdiction over the Defendant by reason of its presence in New York State.

8.        Venue is proper in this district pursuant to 28 U.S.C.A. § 1391(a) and (c) because the Plaintiff resides here and/or a substantial part of the events or omissions giving rise to the underlying claims occurred in this District and because the Court has jurisdiction over the Defendant in this State.

## IV.
## FACTS

9.        On February 5, 2009 the SEC issued the Order directing a private investigation in the Matter of BIH Corporation (FL-3434) and therein designating SEC personnel in the Florida office of the SEC to take related testimony.

10.       In particular, the Order purports to authorize an inquiry into whether any persons or entities violated the registration and antifraud provisions of the Securities Act or 1933, 15 U.S.C. § 77 or the Securities Exchange Act, 15 U.S.C. §78 in connection with the purchase or sale of securities issued by a corporation having a Florida office address, namely BIH Corporation .

11.       In conducting its investigation, Branch staff have served numerous subpoenas and made inquiries into corporations and entities having nothing to do with the affairs of BIH Corporation ("**BIH**"). In fact, the subpoenas themselves include the names of certain entities which have not conducted business with BIH and which do not conduct business in Florida (the area over which the Branch purports to have jurisdiction); they are, however, entities with which the Plaintiff has had prior dealings. See, e.g., Exhibit 2 hereto, consisting of an administrative

2

subpoena allegedly served upon an individual named Chris Gallo.

12.      Thus, the Caddo Corporation ("**Caddo**") -- an entity designated in the SEC Filed Materials as among those investigated in connection with ostensible wrongdoing by or with regard to BIH, has never done business with BIH and is located in the State of Texas.

13.      The Plaintiff is an officer of Caddo and the inclusion of his name together with Caddo's leaves no doubt that the reference in the subpoenas to an *Edward Hayter* is to the Plaintiff herein and thereby suggests to the recipient that the Plaintiff is involved in alleged criminal activity.

14.      Likewise Beaver Creek Financial Corporation ("**BCFC**") —another entity designated among those investigated in connection with ostensible wrongdoing by or with regard to BIH, has never done business with BIH and is located in the State of Minnesota.

15.      The Plaintiff is an officer of BCFC and the inclusion of his name together with BCFC's leaves no doubt that the reference in the subpoenas to an *Edward Hayter* is to the Plaintiff herein and thereby suggests to the recipient that the Plaintiff is involved in alleged criminal activity. (Caddo and BCFC are collectively referred to as the "**Unrelated Entities**".)

16.      While the Order refers neither to the Unrelated Entities nor to the Plaintiff, see Exhibit 1, the subpoenas advises third parties that the Plaintiff and the Unrelated Entities are part of an SEC investigation into ostensible criminal activities; in so doing, the Branch has suggested to their recipients that the Unrelated Entities and the Plaintiff have engaged in illegal conduct.

17.      More egregiously, however, is that in purporting to enforce the appended subpoena (Exhibit 2), the Branch commenced a proceeding in the District Court for the Southern District of Florida, in connection with which it filed online and without seal numerous documents derived from its investigative materials, including the Order (which expressly notes on its first page that it is "non-public") and the Gallo subpoena. See FLSD Docket Case: 1:10-mc-20444-ASG, entered on the FLSD Docket on February 11, 2010.

18.      The SEC Filed Materials are currently available to the general public and in filing the documents without seal the SEC flagrantly disregarded the rights guaranteed the Plaintiff under the Privacy Act.

19.      The SEC Filed Materials refer to the Plaintiff by name, as well as to Unrelated Entities-- companies with which he has had longstanding relationships and/or specific business

3

dealings, thereby suggesting to the general public that the Plaintiff is involved in alleged criminal activity and causing the Plaintiff to suffer injury[1].

20.      By way of example, appended hereto as Exhibit 3 is a March 23, 2010 "Investor's Hub" listing specifically referring to the Branch's filing in the District Court for the Southern District of Florida and to the Plaintiff, BCFC and Caddo in connection with the SEC investigation. Available online and having been widely disseminated, the article falsely publicizes ostensible violations of the securities laws by the Plaintiff.

## V.
## CLAIMS FOR RELIEF
## COUNT I
## VIOLATIONS OF THE PRIVACY ACT
### (5 U.S.C. § 552a)

21.      The Plaintiff repeats and realleges each of the allegations set forth above as though they were fully set forth herein.

22.      In general, the Privacy Act establishes requirements for the solicitation and maintenance by agencies of personal information regarding members of the public. Among other things, it provides that no agency shall disclose any record which is contained in a system of records by any means of communication any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains. 5 U.S.C. § 552a (b).

23.      By its terms, to establish a violation of the Privacy Act, a plaintiff must first establish that the information in question is a "record" within the meaning of the Privacy Act.

24.      The Privacy Act defines a "record" as "any item, collection, or grouping of information about an individual that is maintained by an agency, including, but not limited to, his education, financial transactions, medical history, and criminal or employment history and that contains his name . . . or other identifying particular." 5 U.S.C. § 552a (a)(4). The term has "a broad meaning encompassing," at the very least, any personal information "about an individual that is linked to that individual through an identifying particular."

25.      The Privacy Act protects individuals who, like the Plaintiff, are citizens of the United States.

---

[1] The filing of this complaint does not compound the problem of this breach of confidence but is intended, in part, to ameliorate its impact by protest.

26.     Not only is the Privacy Act applicable to the SEC and protective of the Plaintiff but the Commission has itself promulgated rules intended to ensure its compliance with the Privacy Act and to protect the identities of persons subject to investigation.

27.     Thus, Title 17, SEC Rule 203.5 provides that, unless otherwise ordered by the Commission, all formal investigative proceedings shall be non-public.

28.     Title 17, SEC Rule 203.2 provides "[i]nformation or documents obtained by the Commission in the course of any investigation or examination, unless made a matter of public record, shall be deemed non-public."

29.     Where the SEC violates the Privacy Act, an aggrieved person may bring an action against it and seek to recover damages arising from an intentional or willful violation of the Privacy Act. The Privacy Act authorizes courts to award minimum statutory damages of $1,000.00 and any actual damages in excess of that amount.

30.     The Privacy Act authorizes courts to order compliance by an agency and to award litigation costs and attorney's fees.

31.     As set forth above, the Branch violated 5 U.S.C. § 552a (b) by disclosing Privacy Act protected information to various persons and entities through their dissemination of the Order and documents and information obtained in connection with the BIH investigation.

32.     The Branch further violated 5 U.S.C. § 552a (e) by failing, inter alia, to ensure the accuracy, completeness, and security of its records where they concern the Plaintiff.

33.     The aforesaid violations of the Privacy Act were intentional and willful and caused the Plaintiff to suffer actual non-pecuniary damages in the form of direct and indirect injury to his reputation, loss of business, loss of future investment- backed expectations and public embarrassment, humiliation, and mental anguish.

34.     The documents identifying the Plaintiff by name suggest that the Plaintiff's is involved in ostensible criminal or otherwise unsavory activities are, and therefore not excluded from the Privacy Act's definition of "records," even if this activity was allegedly undertaken through, or in connection with, the Plaintiff's businesses.

35.     By reason of the foregoing, the Plaintiff is entitled to recover statutory damages of $1,000.00 and any actual damages in excess of that amount as proven at trial.

5

## COUNT II
## FOR INJUNCTIVE RELIEF

36.     The Plaintiff repeats and realleges each of the allegations set forth above as though they were fully set forth herein.

37.     Title 17, SEC Rule § 200.27, "The Regional Directors" provides as follows: "Each Regional Director is responsible for executing the Commission's programs within his or her geographic region as set forth in §200.11(b), subject to review, on enforcement matters, by the Deputy Director of the Division of Enforcement who is responsible for Regional Office enforcement matters and, on examination matters."

38.     The Plaintiff does not reside in Florida and does not conduct business there.

39.     Caddo -- an entity designated in the SEC Filed Materials as among those investigated in connection with ostensible wrongdoing by or in connection with BIH-- has never done business with BIH and is not located in Florida but is in the State of Texas.

40.     Likewise BCFC—another entity designated among those investigated in connection with ostensible wrongdoing by or in connection with BIH, has never done business with BIH and is not located in Florida but is located in the State of Minnesota.

41.     The Plaintiff is an officer of BCFC and Caddo and the inclusion of his name together with the references to these entities in the SEC Filed Materials to an *Edward Hayter* suggests to the general public that the Plaintiff and these entities are involved in alleged criminal activity.

42.     By reason of exceeding the scope of the Order and investigating matters germane only to the business affairs of Caddo and BCFC, the Defendant has exposed cast aspersions on the Plaintiff's character, exposed him to ridicule and subjected his business affairs to undue and needless scrutiny.

43.     The Plaintiff faces irreparable injury were the investigation to proceed in this unbridled manner.

44.     By reason of the foregoing, the Branch should be enjoined from further investigation into the Plaintiff's business dealings with BCFC and Caddo absent the issuance of a further order authorizing such inquiries and an assignment to a branch of the SEC with appropriate territorial jurisdiction.

45.     The Plaintiff has no adequate remedy at law.

6

**WHEREFORE**, the Plaintiff respectfully requests that this Court enter judgment against the Defendant as follows:

1. An award of statutory damages of $1,000.00, together with any actual damages in excess of that amount as proven at trial.

2. Issue a permanent injunction enjoining, restraining and prohibiting the Branch, its agents, servants, employees, officers, directors, successor and assigns, and all persons acting in concert or participation with it from conducting further investigation into the Plaintiff's business dealings with BCFC and Caddo absent the issuance of a further order authorizing such inquiries and an assignment to a branch of the SEC with appropriate territorial jurisdiction.

3. Ordering an award of costs and reasonable attorneys' fees to the Plaintiff; and

4. Ordering an award of such other and further relief as the Court may deem just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury.

Dated: New York, New York
       March 30, 2010

Respectfully submitted,

SAM P. ISRAEL, P.

By: _____
    Sam P. Israel, Esq. (SPI0270)
    1 Liberty Plaza, 23rd Floor
    New York, New York 10006
    (212) 201-5345
    *Attorneys for Plaintiff Edward Hayter*

7

**EXHIBIT 1**

**NON-PUBLIC**

EXHIBIT

A

**UNITED STATES OF AMERICA**
Before the
**SECURITIES AND EXCHANGE COMMISSION**
February 5, 2009

| | |
|---|---|
| **In the Matter of**<br><br>**BIH Corporation,**<br><br>**(FL-3434)** | **ORDER DIRECTING PRIVATE INVESTIGATION AND DESIGNATING OFFICERS TO TAKE TESTIMONY** |

**I.**

Members of the staff have reported information to the Commission that tends to show that from at least April 29, 2008 through the present:

A.      BIH Corporation is a Nevada corporation with its principal place of business in Fort Myers, Florida.  BIH Corporation and its securities are not registered with the Commission in any capacity.

B.      In possible violation of Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act"), BIH, its officers, directors, employees, partners, subsidiaries, and/or affiliates, and/or other persons or entities, directly or indirectly, may have been or may be offering to sell, selling, and delivering after sale to the public, or may have been or may be offering to sell or to buy through the use or medium of any prospectus or otherwise, certain securities, including, but not limited to common stock, as to which no registration statement was or is in effect or on file with the Commission, and for which no exemption was or is available.

C.      In possible violation of Section 17(a) of the Securities Act and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 thereunder, BIH Corporation, its officers, directors, employees, partners, subsidiaries, and/or affiliates and/or other persons or entities, directly or indirectly, in the offer or sale or in connection with the purchase or sale of certain securities, may have been or may be employing devices, schemes, or artifices to defraud, obtaining money or property by means of untrue statements of material fact or omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were or are made, not misleading, or engaging in transactions, acts, practices or courses of business which operated, operate, or would operate as a fraud or deceit upon any person.  As part of or in connection with these activities, such persons or entities, directly or indirectly, may have been or may be, among other things, making false statements of material fact or failing to disclose material facts concerning, among other things, the identity of the person or persons in control of the operation and management of the company and contracts entered into by one of BIH's subsidiaries.

D.      While engaged in the above-described activities, such persons or entities, directly or indirectly, may have been or may be making use of any means or instruments of transportation

or communication in interstate commerce, or of the mails, or of any facility of any national securities exchange.

II.

The Commission, having considered the staff's report and deeming such acts and practices, if true, to be possible violations of Sections 5(a), 5(c), and 17(a) of the Securities Act and Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, finds it necessary and appropriate and hereby:

ORDERS, pursuant to the provisions of Section 20(a) of the Securities Act and Section 21(a) of the Exchange Act that a private investigation be made to determine whether any persons or entities have engaged in, or are about to engage in, any of the reported acts or practices or any acts or practices of similar purport or object; and

FURTHER ORDERS, pursuant to the provisions of Section 19(c) of the Securities Act and Section 21(b) of the Exchange Act that for purposes of such investigation, David Nelson, Glenn S. Gordon, Eric R. Busto, Robert K. Levenson, Gary M. Miller, Elisha L. Frank, Julie M. Russo, Salvatore Massa, Michael L. Riedlinger, Timothy J. Galdencio, Christopher E. Martin, Scott A. Masel, Amie R. Berlin, and C. Ian Anderson, and each of them, are hereby designated as officers of the Commission and are empowered to administer oaths and affirmations, subpoena witnesses, compel their attendance, take evidence, and require the production of any books, papers, correspondence, memoranda, or other records deemed relevant or material to the inquiry, and to perform all other duties in connection therewith as prescribed by law.

By the Commission.

Elizabeth M. Murphy
Secretary

By:   J. Lynn Taylor
      Assistant Secretary

2

**EXHIBIT 2**



SUBPOENA

# UNITED STATES OF AMERICA

## SECURITIES AND EXCHANGE COMMISSION

### In the Matter of BIH Corporation, FL-3434

To:     Cris Galo
        BIH Corporation
        15880 Summerlin Road, Suite 300
        Fort Myers, FL  33908

☒     **YOU MUST PRODUCE** everything specified in this subpoena to officers of the Securities and Exchange Commission at the place and date specified below.

    **Place:**  U.S. Securities and Exchange Commission
              Miami Regional Office
              801 Brickell Avenue, Suite 1800
              Miami, FL  33131
    **Date:**  April 27, 2009

☒     **YOU MUST TESTIFY** before officers of the Securities and Exchange Commission at the place, date, and time specified below:

    **Place:**  U.S. Securities and Exchange Commission
              Miami Regional Office
              801 Brickell Avenue, Suite 1800
              Miami, FL  33131
    **Date:**  May 4, 2009
    **Time:**  9:00 a.m.

---

**FEDERAL LAW REQUIRES YOU TO COMPLY WITH THIS SUBPOENA.**
Failure to comply may subject you to a fine and/or imprisonment.

By: _____                    Date:   April 21, 2009
    Julie M. Russo, Senior Counsel

I am an officer of the Securities and Exchange Commission authorized to issue subpoenas in this matter. The Securities and Exchange Commission has issued a formal order authorizing this investigation under Section 20(a) of the Securities Act of 1933 and Section 21(a) of the Securities Exchange Act of 1934.

---

NOTICE TO WITNESS:     If you claim a witness fee or mileage, submit this subpoena with the claim voucher.

<u>SECURITIES AND EXCHANGE COMMISSION</u>
<u>SUBPOENA ATTACHMENT – April 21, 2009</u>

BIH Corporation (FL-3434)

## I.   INSTRUCTIONS AND DEFINITIONS

This subpoena calls for the production of documents in accordance with the following general requirements:

### A.   DUPLICATES

Unless otherwise specified, each request for documents or other materials calls for the production of the original and all copies and drafts of the same.  However, if two documents are exact duplicates, you are required to produce only one of them.  Documents that contain written comments, notes, corrections or to which have been attached or appended additional material are not to be construed as an exact duplicate and, therefore, must be produced.

### B.   POSSESSION, CUSTODY OR CONTROL

You are required to submit all subpoenaed items that are in your possession, custody or control.  Items under your control or custody, but not in your immediate possession, are required to be obtained and submitted.

### C.   DEFINITIONS

"**Document**" means any written, printed, or typed matter in the possession, custody or control of the subpoenaed entity or individual including, but not limited to all drafts and copies bearing notations or marks not found in the original, letters and correspondence, interoffice communications, slips, tickets, records, worksheets, financial records, accounting documents, bookkeeping documents, memoranda, reports, manuals, telephone logs, telegrams, facsimiles, messages of any type, telephone messages, notices, instructions, minutes, summaries, notes of meetings, file folder markings, and any other organizational indicia, purchase orders, information recorded by photographic process, including microfilm and microfiche, computer printouts, spreadsheets, and other information filed or stored in computers on magnetic or optical media, or otherwise, which can be retrieved, obtained, manipulated, or translated.

"**Possession, custody or control**" of documents means documents within the actual or constructive possession, custody or control of the subpoenaed entity or individual, his/her employer, or any department, officer, employee, agent or attorney thereof.

"**Relates to**" or "**relating to**" means referring to, concerning, responding to, containing, regarding, discussing, describing, reflecting, analyzing, constituting, disclosing, employing, defining, stating, explaining, summarizing, or in any way pertaining to.

2

## II.   PRODUCTION OF DOCUMENTS

You are required to produce any and all documents in your possession, custody or control, relating to the following:

1. Cris Galo's curriculum vitae.

2. Account statements for all bank and brokerage accounts Cris Galo has owned individually, beneficially or in any capacity from January 2008 through the present concerning transactions in BIH Corporation shares.

3. BIH Corporation's organization chart and all documents reflecting BIH Corporation's officers, directors, board members, and employees, whether under a full-time, part-time or contract basis, from January 2008 through the present.

4. Account statements for all bank and brokerage accounts BIH Corporation has owned beneficially or in any capacity from January 2008 through the present.

5. For the time period January 2008 through the present, any and all documents including, but not limited to, contracts, correspondence, accounting journals, ledgers, tax forms, workpapers, and payments concerning BIH Corporation shares disbursed to any company or individual.

6. For the time period January 2008 through the present, any and all documents reflecting any services, benefits, or payments received by Cris Galo related to any disbursement of BIH Corporation stock.

7. For the time period January 2008 through the present, any and all documents reflecting any services, benefits, or payments received by BIH Corporation or any individual or entity affiliated with BIH Corporation related to any disbursement of BIH Corporation stock.

8. Any and all documents concerning BIH Corporation's acquisition of Baron International, Inc., announced on April 22, 2008.

9. Any and all documents concerning Baron International, Inc. being awarded a contract for the new Citi Field in New York, announced on April 29, 2008.

10. Any and all documents concerning Baron International, Inc. choosing Valley National Bank as its exclusive bank for lease financing, announced on May 14, 2008.

11. Any and all documents concerning Baron International, Inc. completing several Uno Chicago Grill restaurants for Pepsi Corporate, announced on May 20, 2008.

3

12. Any and all documents concerning BIH Corporation reopening negotiations to acquire interest in a New York-based restaurant equipment manufacturing firm, announced on June 3, 2008.

13. Any and all documents concerning BIH Corporation receiving an unsolicited offer to acquire all of its remaining outstanding shares, announced on June 20, 2008.

14. Any and all documents concerning BIH Corporation selling Baron International, Inc., announced on June 25, 2008.

15. Any and all documents concerning Baron International, Inc. signing a multi-outlet renovation deal with Applebee's, announced on November 13, 2008.

16. Any and all documents concerning BIH Corporation paying a stock and cash dividend, announced on December 18, 2008.

17. All drafts of the announcements in Items 8 through 16 above.

18. All documents relating to bank accounts and brokerage accounts held by the following entities and individuals concerning transactions in BIH Corporation shares:

    a.  Baron International, Inc.
    b.  Robert Ingala
    c.  Bimini Reef Real Estate Inc.
    d.  Christopher Astrom
    e.  Wahoo Funding
    f.  Riverview Capital Inc.
    g.  Damian Guthrie
    h.  Mark Astrom
    i.  Wayne Burmaster
    j.  Ed Hayter
    k.  Beaver Creek Financial Corp.
    l.  The Caddo Corporation
    m.  Richard Astrom
    n.  United Shareholders Group, L.L.C.
    o.  Stacey Sauer

19. All corporate records relating to the entities and individuals listed in Item 18, above including, but not limited to, contracts, correspondence, and email.

4

**EXHIBIT 3**


**Streamer** Level 2  Charts  Trades  Portfolio  Top Lists  Videos

Logout Home Mailbox (0) Boards Favorites Hot! Settings Other

**Stock Quote:**          **Search:**                Subjects

Get Quote                                          Search

## Remove / Restore Message : <u>Ulysses Diversified Holding Corp</u>

Restore

Removed By: <u>libel</u>  Reason: Off-Topic            <u>Replies(2)</u> | <u>Previous</u> | <u>Next</u>

---

Posted by: <u>liable</u>                         Date:3/23/2010 11:58:42 AM
In reply to: <u>ditka</u> who wrote <u>msg# 71035</u> (Removed)  Post #71039 of 71099

I'll try to make this easy for you:

In the **litagation Release** posted earlier regarding Christian Galo the **SEC filed over 300 pages** with the court in the **Southern District.** It seems they tried serving him at the Florida address (post office Drop) with no results so they hired a private investigator who found he evidently resides with his parents in Staten Island. The PI personally served his father in November and his mother in December and still no response therefore they went to court.

Interestingly they are requesting production of all documents concerning every press release. Uno's, Applebee's, Takk, Citifield, unsolicited takeover offer, cash and stock dividends ETC., ETC., Etc.

They also asked for the following:
All documents relating to bank accounts and brokerage accounts held by the following entities and individuals concerning transactions in BIH Corporation shares:

Baron International, Inc\
Robert Ingala
Bimini Real Estate Inc.
Christopher Astrom
Wahoo Funding
Riverview Capital Inc.
Damian Guthrie
Mark Astrom
Wayne Burmaster
**Ed Hayter**
Beaver Creek Financial Group
The Caddo Group
Richard Astrom
United Shareholders Group, L.L.C.